OBR 437, 484 N.E.2d 153, in which we *sua sponte* converted a claim in prohibition to one in mandamus. We perceive no prejudice to respondent because the principal issue would be argued the same way under either a mandamus or prohibition theory. Moreover, since we consider the case as one in prohibition, respondent's argument that the complaint should be dismissed because it was not captioned as a 'petition' in mandamus is moot."

HOLMES and RESNICK, JJ., would grant.

## DISCIPLINARY DOCKET

**85–13.** Disciplinary Counsel v. York.
On affidavit of compliance with entry of reinstatement. The affidavit of Robert L. York is found to be in compliance.

HOLMES and WRIGHT, JJ., dissent.

**91–417.** Findlay/Hancock Cty. Bar Assn. v. Leatherman. On motion to extend time. Motion granted; time extended to on or before June 26, 1992.

## MISCELLANEOUS DISMISSALS

**91–2095.** Hertz Corp. v. West Virginia Ins. Guar. Assn. *Franklin County*, No. 91AP–67. This cause, here on appeal from the Court of Appeals for Franklin County, was considered in the manner prescribed by law. Upon consideration of the joint application to dismiss,

IT IS ORDERED by the court that said application be, and the same is hereby, granted, effective June 2, 1992.

**92–1021.** King v. Pearce. *Seneca County*, No. 13–91–6. This cause is pending before the court on the filing of a motion for an order directing the Court of Appeals for Seneca County to certify its record. Upon consideration of the joint application for dismissal,

IT IS ORDERED by the court that said application be, and the same is hereby, granted, effective June 1, 1992.

*Wednesday, June 10, 1992*
## MERIT DOCKET

**91–2513.** State ex rel. Lester v. Butler Cty. Court of Common Pleas, Div. of Domestic Relations. *Butler County*, No. CA91–05–080. On joint motion to dismiss. Motion to dismiss sustained. Cause dismissed.

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

**92–347.** State ex rel. Southside Medical Ctr. v. Bannon.
In Prohibition. On motion to dismiss. Motion to dismiss sustained. Cause dismissed.

SWEENEY, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., dissents.

MOYER, C.J., not participating.

**92–537.** Lonnie v. McMackin. In Habeas Corpus. On motion to dismiss. Motion to dismiss sustained. Cause dismissed.